

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. K. Wilkinson
County Auditor, Hill County
Hillsboro, Texas

Dear Sir:

Opinion No. 0-5637
Re: Fees of the District
Clerk of Hill County.

Your letter of November 8, 1943, requesting the opinion of this department on the questions stated therein reads, in part, as follows:

"Will you please furnish me with an opinion of your department covering the following questions:

"1. Is the District Clerk of Hill County entitled to collect from the State of Texas the fees provided for in Article 1026, Code of Criminal Procedure, or did the adoption of the constitutional amendment and the enactment of the officer's salary law expressly or by implication repeal or supersede Article 1026, Code of Criminal Procedure, so as to make the fees therein provided uncollectible from the State?

"2. Is the District Clerk of Hill County authorized and entitled to charge and collect from the defendant in a criminal case the fees provided for in Article 1064, Code of Criminal Procedure, or has such article been expressly or by implication repealed or superseded by the adoption of the constitutional amendment and the officer's salary law?

Honorable T. K. Wilkinson, page 2

"3. If in answer to question No. 2 you hold that it is the duty of the District Clerk of Hill County to collect from a defendant in a criminal case the fees provided in Article 1064, Code of Criminal Procedure, then are such fees to be charged and collected in all felony cases or are the same to be charged and collected only in felony cases in which the punishment assessed is a fine or jail sentence?

"4. May the District Clerk refuse to deliver a transcript for filing on appeal of a criminal case until the costs of preparing the same have been paid or an affidavit of inability to pay has been filed?

"5. Is it the duty of the District Clerk in Civil cases to tax and collect the fees provided for in Article 3927 as amended in 1941 by acts of the 47th Legislature and in the absence of the filing of an affidavit of the inability to pay costs, may the District Clerk refuse to deliver a transcript on appeal until the same has been paid by the party applying therefor?

"6. Is it the duty of the District Clerk of Hill County to charge and use diligence to collect the fees provided in Article 1064, C. C. P. in all felony cases in which a conviction is obtained or is this duty limited to cases in which the punishment assessed is a fine or jail sentence? * * *"

Hill County has a population of 38,355 inhabitants according to the 1940 Federal Census and the county officials of said county are compensated on an annual salary basis.

Sections 1 and 5 of Article 3912e, Vernon's Annotated Civil Statutes, read as follows:

"Section 1. No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding

Federal Census any fee or commission for any
service by him performed as such officer; provided,
however, that the assessor and collector of taxes
shall continue to collect and retain for the bene-
fit of the Officers' Salary Fund or funds herein-
after provided for, all fees and commissions which
he is authorized under the law to collect; and it
shall be his duty to account for and to pay all
such monies received by him into the fund or funds
created and provided for under the provisions of
this Act; provided further, that the provisions of
this Section shall not affect the payment of costs
in civil cases by the State, but all such costs so
paid shall be accounted for by the officers collect-
ing the same, as they are required under the provi-
sions of this Act to account for fees, commissions
and costs collected from private parties." * *

"Sec. 5. It shall be the duty of all officers
to charge and collect in the manner authorized by
law all fees and commissions which are permitted by
law to be assessed and collected for all official
service performed by them. As and when such fees
are collected they shall be deposited in the Officers'
Salary Fund, or funds provided in this Act. In event
the Commissioners' Court finds that the failure to
collect any fee or commission was due to neglect on
the part of the officer charged with the responsi-
bility of collecting same, the amount of such fee or
commission shall be deducted from the salary of such
officer. Before any such deduction is made, the Com-
missioners' Court shall furnish such officer with an
itemized statement of the uncollected fees with which
his account is to be charged, and shall notify such
officer of the time and place for a hearing on same,
to determine whether such officer was guilty of negli-
gence, which time for hearing shall be at least ten
days subsequent to the date of notice. Unless an of-
ficer is charged by law with the responsibility of
collecting fees, the Commissioners' Court shall not
in any event make any deductions from the authorized
salary of such officer."

Article 1026, Vernon's Annotated Code of Criminal Procedure, provides:

"In each county where there has been cast at the preceding presidential election 3000 votes or over, the district clerk or criminal district clerk shall receive the following fees: Eight dollars for each felony case finally disposed of without trial or dismissed, or tried by jury whether the defendant be acquitted or convicted; eight cents for each one hundred words in each transcript on appeal or change of venue; eighty cents for entering judgment in habeas corpus cases, and eight cents for each one hundred words for preparing transcript in habeas corpus cases. In no event shall the fees in habeas corpus cases exceed eight dollars in any one case. In each county where less than 3000 such votes have been so cast, such clerk shall receive ten dollars for each felony case so disposed of, and ten cents for each one hundred words in such transcripts, and one dollar for entering judgment in each habeas corpus. The district clerk of any county shall receive fifty cents for recording each account of the sheriff."

In view of the foregoing provisions of Article 3912e, supra, you are respectfully advised that the District Clerk of Hill County is not entitled to collect from the State of Texas the fees provided for in Article 1026, Vernon's Annotated Code of Criminal Procedure. Article 1026 has been superseded by the Officers' Salary Law of this State insofar as those counties where county officials are compensated on an annual salary basis are concerned.

We now consider your second question. Generally speaking, Chapter 4, Title 15 of the Code of Criminal Procedure, prescribes the cost to be taxed against defendants in a misdemeanor case upon conviction. (See Tex. Jur., Vol. 11, p. 392, and the case of Overstreet v. State, 15 S. W. (2d) 1039).

Article 1064, Vernon's Annotated Code of Criminal Procedure, is a statute allowing certain fees to clerks of the district and county courts in criminal cases to be paid by the defendant upon conviction. Said article is contained in Chapter 4, Title 15 of the Code of Criminal Procedure.

Honorable T. K. Wilkinson, page 5

Article 1019, Vernon's Annotated Code of Criminal Procedure, provides:

"If the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, no costs shall be paid by the State to any officer. All costs in such cases shall be taxed, assessed and collected as in misdemeanor cases."

As heretofore stated, Article 1064, Vernon's Code of Criminal Procedure, prescribes certain fees which are to be paid to the district and county clerks by the defendant upon conviction in misdemeanor cases. In view of Article 1019, supra, it is our opinion that in felony cases in which the punishment assessed is a fine or a jail sentence, or both fine and jail sentence, it is the duty of the District Clerk in such cases to tax, assess and collect the fees provided by Article 1064, supra, as in misdemeanor cases.

Article 1064, supra, has not been repealed by the Officers' Salary Law of this State. However, where the District Clerk is compensated on an annual basis, the fees collected under said article, must be deposited in the Officers' Salary Fund of the county. It is our further opinion that Article 1064 does not authorize the District Clerk to collect from any defendant any fees whatsoever in a felony case where the punishment assessed is imprisonment in the penitentiary or death. In other words, if the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail, or convicted of a misdemeanor, the fees provided by Article 1064 must be taxed, assessed and collected as in misdemeanor cases. (See the case of Ex parte Taylor, 155 S. W. (2d) 815)

What was said in answer to your second question answers your third, and sixth questions. Therefore, we deem it unnecessary to discuss these questions further.

Your fourth question is respectfully answered in the negative. This identical question has been passed upon by the Court of Criminal Appeals in the cases of Young v. State, 218 S. W. 505; and Edmundson v. State, 6 S. W. (2d) 119, both cases expressly answering the identical question presented in your inquiry in the negative.

With reference to your fifth question, you are advised that, generally speaking, it is the duty of the District Clerk in civil cases to tax and collect the fees provided for in Article 3927, Vernon's Annotated Civil Statutes; however, the District Clerk cannot refuse to deliver a transcript on appeal until the same has been paid for by the party applying therefor, where there has been no affidavit of inability to pay costs filed. A question identical to your fifth question was answered in the negative by the Supreme Court of this State in the early case of _____ v. Costley, 7 Tex. 460. Stated another way, the Supreme Court held that a district clerk is not entitled to demand payment of fees as a condition precedent to the delivery of the transcript for transmission to the Appellate Court. This case has been followed in later cases, and we direct your attention to the case of Taylor v. Gardner, 99 S. W. 411, and the case of Maxfield, et al v. Pure Oil Company, et al, 74 S. W. (2d) 145, which followed the Supreme Court case mentioned above.

This opinion is not to be construed as pertaining to fees or compensation that the official court reporter may be entitled to for Statement of Facts.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:EP

